**FILED**
MAY 3 0 2008
Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES COURT OF APPEALS

## DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA,
Appellee

v.

JOHN BARNHARDT,
F.C.I. MORGANTOWN
P.O. 8 1000
MORGANTOWN, W V
26507
Appellant

Case: 1:08-cv-00928
Assigned To : Friedman, Paul L.
Assign. Date : 5/30/2008
Description: Pro Se General Civil

*Complaint*

### APPELLANT'S MOTION TO SET ASIDE FORFEITURE

Appellant John Barnhardt, pro se, respectfully moves this Court, pursuant to 18 U.S.C.

Sec. 983(e)(5), to set aside the Declaration of Forfeiture Order entered by the Drug

Enforcement Administration ("DEA") in the above-captioned case.

As grounds for this motion, Appellant states as follows:

### FACTUAL BACKGROUND

1.  Appellant, John Barnhardt, was at one time a defendant in the above-captioned

criminal case, which  was  ultimately  dismissed  by the District Court.  This case arose

from  the arrest of Appellant by members of the D.C. Metropolitan Police Department

on  February 13, 2004.

2.  Appellant was subsequently indicted on two (2) counts under Title 21, U.S.

Code Section 841.

3.  On May 14, 2004, the District Court, Judge Paul Friedman presiding, granted

Appellant's Motion to Suppress Evidence in that case.

4.  The Government filed Notice of Appeal, but ultimately moved to dismiss    the

Indictment  against  Appellant on August 17, 2004, after withdrawing its appeal.

5.  On September 2, 2004, the District Court granted the Government's Motion to

-2-

Dismiss, thus closing the criminal case against Appellant.

6. On December 13, 2004, Appellant filed a Motion for Return of Property in the District Court. Specifically, Appellant sought the return of $3894.00 in U.S. Currency, which was seized from his person at the time of his arrest in the now-dismissed criminal case.

7. Unbeknownst to Appellant at the time of the filing of his Motion for Return of Property, the DEA had already begun forfeiture proceedings regarding the money, with notices being sent, beginning March 2004.

8. The District Court after inquiries and various filings by both the Federal and District of Columbia governments, ultimately concluded that Appellant's money had already been seized and forfeited by the DEA in a non-judicial forfeiture proceeding, thus barring that Court from considering Appellant's motion. (see: Memorandum Opinion and Order, Aug. 25, 2006, J. Friedman).

9. There is no dispute that the notices sent to Appellant from DEA were never delivered. The Government acknowledges that all the notices sent to Appellant were returned, marked, "RETURNED TO SENDER", "UNCLAIMED" and "RETURN TO SENDER, INSUFFICIENT ADDRESS". (see: Declaration of John Hieronymus, DEA). The Government, as a means of notice, published notice in The Wall Street Journal.

-3-

10. At no time during the forfeiture proceedings did Appellant read the The Wall Street Journal.

## APPELLANT IS ENTITLED TO SEEK TO
## SET ASIDE THE FORFEITURE UNDER 18 U.S.C. SEC. 983(e)

Under 18 U.S.C. Sec. 983(e)(1), "any person entitled to written notice in any non-judicial civil proceeding…who does not receive such notice may file a motion to set aside declaration of forfeiture…" In this case, the DEA initiated, and concluded, an administrative forfeiture of Appellant's money with no notice having been <u>actually received by Appellant until after-the-fact</u>.

In addition, Appellant, as an interested party, is entitled to seek relief if the Government "failed to take reasonable steps to provide such party with notice", 18 U.S.C. Sec. 983(e)(1)(A), "and the moving party did not know of the seizure within time to file a timely claim". 18 U.S.C. Sec. 983(e)(1)(B). As set forth below, Appellant submits that both of the provisions apply to the facts of this case.

## THE GOVERNMENT FAILED TO PROVIDE ADEQUATE NOTICE
## OF THE FORFEITURE PROCEEDINGS, AS REQUIRED BY 19 U.S.C. 1607

It is well-established that due process generally requires actual notice to interested parties prior to forfeiture. <u>Mullane v. Central Hanover</u>, 339 U.S. 306 (1950); 19 U.S.C. Sec. 1607(a). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present objections". <u>Mennonite Bd. Of Missions v. Adams</u>, 462 U.S. 791, 796-797 (1980); <u>Degen v. United States</u>, 517 U.S. 820 (1961). In this case, the Government was put on notice, <u>by its own admission</u>, that at least four (4) notices regarding the forfeiture

-4-

were never delivered. DEA Forfeiture counsel Hiernonymus acknowledges the return

of the notices in his Declaration, cited above. Furthermore, some of the notices were sent

to Appellant's home address, when the Government knew, or should have known, that

Appellant was in the custody of the federal correctional system. The fact that later

notices were sent, incorrectly, to D.C. Jail, is proof that the Government knew that

Appellant was not residing at his regular home address.

In addition, Appellant submits that the Government's publishing of notice in The Wall

Street Journal newspaper was not sufficient notice. Appellant is a long-time D.C.

resident, with family in this area. Rather than publish notice in one of the local

newspapers (The Washington Post or Washington Times, for example), the Government

placed notice in a newspaper that Appellant would least likely read or have access to.

This notice, therefore, was not "reasonably calculated, under all the circumstances" to

provide notice to Appellant.

### THE GOVERNMENT WOULD NOT BE PREJUDICED BY THE GRANTING OF THIS MOTION

Under 18 U.S.C. Sec. 983(e)(2)(A), the set aside of a Declaration of Forfeiture is

"without prejudice to the right of the Government to commence a subsequent forfeiture

proceeding". Appellant would submit that this provision alone protects both Appellant's

right to contest the forfeiture, as well as the Government's right to renew the proceedings

with proper notice.

### APPELLANT HAD A STRONG, GOOD-FAITH DEFENSE TO THE FORFEITURE PROCEEDINGS AND SHOULD BE ALLOWED TO PRESENT IT

Had Appellant received proper notice in this case, he was prepared to present evidence

-5-

that a substantial portion of the money seized after his arrest were proceeds from a legitimate business activity, and had no relation to any illegal activity. Specifically, Appellant was prepared to show the following:

(a) At the time of his arrest, Appellant had a home improvement business, "American the Beautiful".

(b) Shortly before his arrest, Appellant had received payment, in cash, from a customer, Ms. Torry Armfield, for painting services on her home.

(c) The payment from Ms. Armfield made up most of the currency seized from Appellant at the time of his arrest.

Appellant would submit that due process considerations, as well as the spirit of the forfeiture statute's notice provisions, require that he be afforded an opportunity to present his case.

## THE DISTRICT COURT ITSELF RAISED QUESTIONS REGARDING THE ADEQUACY OF THE NOTICE

The District Court, in denying Appellant's Motion for Return of Property, raised questions itself about the efforts made by the Government to notify Appellant of the forfeiture proceedings. (See: Memorandum and Opinion, p. 4, fn. 3, citing Lopez v. United States, 201 F.3d 478 (D.C. Cir. 2000) and Small v. United States, 136 F.3d 1334 (D.C. Cir. 1998), where this Court raised substantial questions regarding the adequacy of the Government's attempt to provide notice to defendants who were residing within the corrections system). In view of the fact that the District Court had substantial and intimate knowledge of the facts of Appellant's case, Appellant would submit that the questions raised by the Court itself should be given great weight.

-6-

## CONCLUSION

Given the vast resources of the Government, and the fact that Appellant was being held in a federal correctional facility, under federal control, it is inconceivable that the Government could have failed to locate Appellant in order to serve him adequate notice.

Even assuming some reasonable explanation, the Government's notice in The Wall Street Journal, as opposed to a more familiar local newspaper, was not reasonable notice, under the spirit of the statute, or the due process principles under the United States Constitution.

WHEREFORE, for the reasons set forth above, and such other reasons as this Court may deem just and proper, Appellant requests that his motion be granted.

Respectfully submitted,

John Barnhardt, Appellant, Pro Se
Reg. No. 02392-000
Federal Correctional Inst.-Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Set Aside Forfeiture was mailed, postage prepaid, to the Office of the United States Attorney, 555 4th Street, NW, Washington, D.C. 20001, this 25th day of January 2007.

John Barnhardt



ATTACHMENT 1

U. S. Department of Justice
Drug Enforcement Administration

---

Asset ID: 04-DEA-432203     Case #: GD-04-0147
Asset Description: $3,894.00 U.S. Currency

Seizure Date: 02/13/04     Seizure Value: $3894.00
Seizure Place: Washington, DC
Owner Name: John Barnhardt
Seized From: John Barnhardt AKA Tony Lawrence
Judicial District: District of Columbia

## DECLARATION OF FORFEITURE

The above-described property has been seized by agents of the **DRUG ENFORCEMENT**

**ADMINISTRATION** pursuant to 21 U.S.C. Section 881. Notice of the seizure has been sent to

all known parties who may have a legal or possessory interest in the property. Also, in accordance

with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed

for the property within 30 days from the date of last publication of the advertisement. On this date,

I have examined this matter, and found that there was sufficient information to support the forfeiture

of this property. **THEREFORE**, it is hereby declared that such property is forfeited to the United

States pursuant to 19 U.S.C. Section 1609.

Lawrence D'Orazio
Senior Attorney
Asset Forfeiture Section
JUN 2 8 2004

08 0928
**FILED**

MAY 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>JOHN BARNHARDT,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)    Criminal No. 04-0132 (PLF)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF JOHN HIERONYMUS

1.  I, John Hieronymus, hereby declare that I am the Forfeiture Counsel of the Drug Enforcement Administration (DEA), United States Department of Justice, and in that capacity supervise forfeiture activities within the DEA.

2.  I affirm that, in the course of my official duties as Forfeiture Counsel of the DEA, I supervise and monitor the forfeiture activities of DEA field offices and receive reports and inquiries from those field offices regarding all facets of forfeiture matters.

3.   I declare that material related to the property, which is the subject matter of the above-captioned action, is contained in one (1) file of my office.

4.   The file, captioned as DEA Case No. **GD-04-0147** and Asset Identification (I.D.) No. **04-DEA-432203**, contains the following information:

(a)   DEA Asset I.D. No. **04-DEA-432203** represents $3,894.00 U.S. Currency seized from John Barnhardt's pants pocket by DEA Task Force officers on February 13, 2004, in Washington, D.C.  The DEA office in Washington, D.C. subsequently prepared and submitted a forfeiture report to this office.  An attorney or paralegal reviewed this report to determine if the DEA field office provided adequate information to support administrative forfeiture proceedings against the property.  This procedure included a legal review of the evidence that existed to seize the $3,894.00 U.S. Currency.  Based on this thorough review, the DEA accepted this case for administrative forfeiture.

(b)   On March 17, 2004, pursuant to Title 19, United States Code (U.S.C.), Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to John Barnhart, 4709 Bass Place, SE, Washington, DC 20019 (Exhibit 1).  The U.S. Postal Service returned the notice to DEA stamped "RETURNED TO SENDER" and "UNCLAIMED" (Exhibit 2).

(c)   On March 17, 2004, pursuant to Title 19, U.S.C., Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA

2

sent written notice of this seizure by certified mail, return receipt requested, to John Barnhardt aka John Barnhart and Tony Lawrence, 4709 Bass Place, SE, Washington, DC 20019 (Exhibit 3). The U.S. Postal Service returned the notice to DEA stamped "RETURNED TO SENDER" and "UNCLAIMED" (Exhibit 4).

(d)  On March 17, 2004, pursuant to Title 19, U.S.C., Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to John Barnhardt, Prisoner ID No. 364405 aka John Barnhart and Tony Lawrence, D.C Jail, 1901 D Street, SE, Washington, DC 20003 (Exhibit 5). The U.S Postal Service returned the notice to DEA stamped "RETURN TO SENDER INSUFFICIENT ADDRESS" (Exhibit 6).

(e)  On March 17, 2004, pursuant to Title 19, U.S.C., Section 1607(a) and Title 18, U.S.C., Section 983(a), the DEA sent written notice of this seizure by certified mail, return receipt requested, to George R. Barhardt, 4709 Bass Place, SE, Washington, DC 20019 (Exhibit 7). The U.S Postal Service returned the notice to DEA stamped "RETURNED TO SENDER" and "UNCLAIMED" (Exhibit 8).

(f)  Pursuant to Title 19, U.S.C., Section 1607(a) and Title 21, Code of Federal Regulations, Section 1316.75, the seizure of the property was published in THE WALL STREET JOURNAL, a newspaper of general circulation in the District of Columbia (Exhibit 9). The notice was published once a week for three successive weeks: April 5, 12, and 19, 2004. The published and mailed notices explained the option of filing a claim with the

3

DEA Forfeiture Counsel in order to contest the forfeiture action in United States District Court.  Pursuant to Title 18, U.S.C., Section 983(a)(2)(B), the published and mailed notices also stated that the deadline to file a claim was April 21, 2004, or if the mailed notice was not received, May 19, 2004.  In addition, the published and mailed notices explained the option of filing a petition for remission or mitigation.

(g)  On June 28, 2004, after there had not been any properly executed claim received, and after the time limit for filing said claim expired, the DEA forfeited the $3,894.00 U.S. Currency to the United States pursuant to Title 19, U.S.C., Section 1609 (Exhibit 10).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this ___7th___ day of March 2006.

John Hieronymus
Forfeiture Counsel
Asset Forfeiture Section (OML)
Drug Enforcement Administration
HQs Forfeiture Response
P. O. Box 1475
Quantico, VA  22134-1475

Attachments:  Exhibits 1-10

4

08-928

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *JOHN BARNHARDT* | *USA* |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

*Pro se PR*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
~~IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE~~

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*# 02392-000*

Case: 1:08-cv-00928
Assigned To : Friedman, Paul L.
Assign. Date : 5/30/2008
Description: Pro Se General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 3 Federal Question
    (U.S. Government Not a Party)

◉ U.S. Government
    Defendant

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A.** *Antitrust*

☐ 410 Antitrust

☐ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
      Administrative Agency is Involved)

☐ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

☐ **E.** *General Civil (Other)* OR ◉ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien
      Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
◉ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant

☐ 871 IRS-Third Party 26
      USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
      Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
      Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
      Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt
      Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
      Exchange
☐ 875 Customer Challenge 12 USC
      3410
☐ 900 Appeal of fee determination
      under equal access to Justice
☐ 950 Constitutionality of State
      Statutes
☐ 890 Other Statutory Actions (if not
      Administrative Agency Review
      or Privacy Act)

②

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

Ⓧ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ ____   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES Ⓧ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO   If yes, please complete related case form.

**DATE** 5·30·08   **SIGNATURE OF ATTORNEY OF RECORD** NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-0132 (PLF) |
| | ) | |
| JOHN BARNHARDT, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant John Barnhardt's motion to set aside

an administrative forfeiture of $3,894.00 seized from him at the time of his arrest in 2004.  As

explained more fully below, Mr. Barnhardt's motion – which is made pursuant to Section 983(e)

of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") – alleges that the United States

Drug Enforcement Agency failed to provide sufficient notice before administratively forfeiting

his property.[1]  The Court will  transfer Mr. Barnhardt's Section 983(e) motion to a new, separate

civil action and proceed as if his motion initiated a new case.

---

[1]      Section 983(e)(1) provides, in pertinent part, that "[a]ny person entitled to written
notice in any nonjudicial civil forfeiture proceeding . . . who does not receive such notice may
file a motion to set aside a declaration of forfeiture . . . .".  18 U.S.C. § 983(e)(1).  Section
983(e)(5) provides that such a motion "shall be the exclusive remedy for seeking to set aside a
declaration of forfeiture under a civil forfeiture statute."  Id. § 983(e)(5).

# I. BACKGROUND

## A. The Underlying Criminal Case

Mr. Barnhardt was arrested on February 13, 2004, when members of the District of Columbia Metropolitan Police Department ("MPD") attempted to serve him with a federal subpoena. See Government's Amended Response to Defendant's Motion for Return of Property at 1 ("Gov. Am. Response"). The officers allegedly saw defendant throw a black object away, observed him holding a knife, and asked him for his identification. After giving two false names, defendant presented his real identification. See id. at 2. The authorities also searched a black bag found near where defendant had thrown the object and found inside a clear bag containing a white substance one of the officers believed to be cocaine. See id. at 2-3. The officers placed defendant under arrest and seized $3,894.00 from his person. See id. at 3.

Defendant subsequently was indicted on one count of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and one count of unlawful possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was ordered held without bond.

On May 14, 2004, the Court granted defendant's motion to suppress evidence seized in the case. The government filed a notice of appeal, but on August 17, 2004, after withdrawing its appeal, the government moved to dismiss the indictment. See Gov. Am. Response at 3. On September 2, 2004, the Court granted the motion to dismiss, and the criminal case against Mr. Barnhardt was closed.

## B. The Forfeiture

On March 17, 2004 – that is, several weeks before this Court granted Mr. Barnhardt's motion to suppress – the DEA sent written notice to Mr. Barnhardt, pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a), announcing that it was initiating civil administrative forfeiture proceedings under 21 U.S.C. § 881 to keep the money seized the night of his arrest. See Gov. Am. Response, Ex. A, Declaration of John Hieronymus at 2. The government mailed three notices to Mr. Barnhardt's home address, addressing one notice to each of the three names Mr. Barnhardt had given authorities. See Gov. Am. Response at 5; see also id., Exs. 1-4, 7, 8. The government also sent one notice to the District of Columbia Jail, where the government apparently thought Mr. Barnhardt was being detained. See id., Exs. 5, 6. (In fact, Magistrate Judge Alan Kay had ordered Mr. Barnhardt transferred to the D.C. Central Treatment Facility a month earlier, on February 17, 2004.) All four notices, sent via certified mail, were stamped "Returned to Sender" and returned to the DEA due either to "insufficient address" or because they went "unclaimed." Id., Exs. 2, 4, 6, 8. In addition, the government on April 5, April 12, and April 19, 2004 ran notices of forfeiture in The Wall Street Journal, pursuant to the requirements of 19 U.S.C. § 1607(a). See id., Ex. 9.

Mr. Barnhardt, apparently not being a subscriber to The Wall Street Journal, did not respond to the government's notices. See Gov. Am. Response at 6. As a result, the government declared the money forfeited on June 28, 2004. See id., Ex. 10, Declaration of Forfeiture.

3

### C. *Motion for Return of Property Under Rule 41(g)*

Mr. Barnhardt moved for the return of his property on December 13, 2004,

apparently unaware that it already had been forfeited by the DEA. Mr. Barnhardt's motion did

not explicitly rely on Rule 41(g) of the Federal Rules of Criminal Procedure, but the Court

construed it as a Rule 41(g) motion because it was filed in the underlying criminal case and

because of the nature of relief sought.[2]

On August 25, 2006, the Court denied without prejudice Mr. Barnhardt's Rule

41(g) motion on the ground that the administrative forfeiture of his property deprived this Court

of subject matter jurisdiction to address his Rule 41(g) motion. See <u>United States v. Barnhardt</u>,

Criminal No. 04-0132, Memorandum Opinion and Order at 4-5 (D.D.C. Aug. 25, 2006); <u>see also</u>

<u>Turner v. Gonzales</u>, No. 06-4020, 2007 WL 1302126, at *1 (7th Cir. 2007) ("Rule 41(g) is a

vehicle for recovering seized but not forfeited property."); <u>United States v. Price</u>, 914 F.2d 1507,

1511 (D.C. Cir. 1990) (holding that "once the Government initiates an administrative forfeiture

proceeding and the property is not the subject of an ongoing criminal proceeding, the District

Court has no jurisdiction to resolve [a Rule 41(g) motion]."). The Court further concluded that

---

[2]     Rule 41(g) – formerly Rule 41(e) – provides:

> A person aggrieved by an unlawful search and seizure of property
> or by the deprivation of property may move for the property's
> return. The motion must be filed in the district where the property
> was seized. The court must receive evidence on any factual issue
> necessary to decide the motion. If it grants the motion, the court
> must return the property to the movant, but may impose reasonable
> conditions to protect access to the property and its use in later
> proceedings.

FED. R. CRIM. P. 41(g).

4

defendant's sole remedy under these circumstances was "to bring a separate civil action and to

file a motion to set aside forfeiture pursuant to [Section 983(e) of CAFRA]." United States v.

Barnhardt, Criminal No. 04-0132, Memorandum Opinion and Order at 5 (D.D.C. Aug. 25, 2006).

See also Mesa Valderrama v. United States, 417 F.3d 1189, 1195 (11th Cir. 2005) ("CAFRA sets

forth the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil

forfeiture statute. . . . Thus, a party seeking to challenge a nonjudicial forfeiture that falls within

CAFRA's purview is limited to doing so under [Section 983(e)].").

### D. Motion to Set Aside Forfeiture Under 18 U.S.C. § 983(e)

Mr. Barnhardt appealed this Court's denial of his Rule 41(g) motion. At some

point before the D.C. Circuit ruled on his appeal, however, Mr. Barnhardt also filed in the D.C.

Circuit a motion to set aside forfeiture under Section 983(e) of CAFRA. On July 5, 2007, the

D.C. Circuit summarily affirmed this Court's denial of Mr. Barnhardt's Rule 41(g) motion. At

the same time, the Court of Appeals transferred Mr. Barnhardt's Section 983(e) motion to this

Court "for disposition in the first instance." See United States v. Barnhardt, No. 06-3145, Order

(D.C. Cir. July 5, 2007).

### II. DISCUSSION

It appears that the D.C. Circuit assumed that this Court could consider Mr.

Barnhardt's Section 983(e) motion as a matter ancillary to his underlying (closed) criminal case.[3]

As the purpose of a Section 983(e) motion is to contest a civil forfeiture proceeding, however,

---

[3]        The government's appellate brief appears to make the same assumption. See
United States v. Barnhardt, No. 06-3145, Government's Motion for Summary Affirmance at 6-7.

the Court concludes that it would be more proper, as a procedural matter, to transfer Mr.

Barnhardt's Section 983(e) motion to a new, separate civil action and proceed as if his motion

initiated a new case. Cf. United States v. Stokes, 191 Fed. App'x 441, 443-44 (7th Cir. 2006);

Small v. United States, 136 F.3d 1334, 1335-36 (D.C. Cir. 1998); United States v. Morgan,

Criminal No. 02-109, 2006 WL 2168173, at *2-4 (N.D. Ill. July 31, 2006). Accordingly, it is

hereby

      ORDERED that the Clerk of the Court shall open a new civil action.  That new

civil action shall be captioned John Barnhardt v. United States of America, and shall be

designated as related to Criminal No. 04-0132; it is

      FURTHER ORDERED that the Clerk of the Court shall transfer Mr. Barnhardt's

Section 983(e) motion, filed before the D.C. Circuit, to the new civil action; it is

      FURTHER ORDERED that the Clerk of the Court shall prepare summons to be

issued to the United States of America in the new civil action; and it is

      FURTHER ORDERED that Mr. Barnhardt shall effect proper service upon the

United States of America as provided by Rule 4(i) of the Federal Rules of Civil Procedure.

      SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: May 27, 2008

6